## Ortynsky v. Sembrot et al.

*Fitzgerald & Kelly*, for plaintiff.

*O'Malley, Harris, Harris & Warren, B. H. Chernin* and *Alex W. Russin*, for defendants.

EAGEN, J., June 30, 1948.—Father John Ortynsky, the pastor of SS. Cyril and Methodius Greek Catholic Church of the Borough of Olyphant, died April 27, 1948. During his lifetime, on September 18, 1947, he instituted this action in equity to restrain defendants from interfering with him in the performance of his duties as pastor of the congregation. Upon the filing of the complaint and proper affidavits a temporary injunction issued. After a preliminary hearing this injunction was continued until final hearing.

The complaint alleged that the congregation was Greek Catholic in union with Rome and subject to the rules, rites, discipline, doctrines and canons of that church. Further, that plaintiff was a priest of this church under the jurisdiction of its bishop, the Most Rev. Constantine Bohachevsky, who appointed him as pastor. It was maintained that under the canon and civil law title to the property of the congregation was in its members but that plaintiff had the right and responsibility to manage the church property as the representative of the mother religious body. It further alleged that the congregation was incorporated and that defendants were officers elected by the members. As such, defendants attempted to dispense with the services of plaintiff as pastor, ordered him from the premises and insisted as representatives of the congregation upon managing and retaining custody of all church property.

An answer was filed admitting all of the acts complained of, and asserting the right to so act because the congregation was not in union with Rome but was "dedicated as an independent, generic and autonomous Greek Catholic congregation for the purpose of public worship according to the rights, rites, doctrines, customs, usages and traditions of an independent, generic, autonomous Greek Catholic congregation having no

organic union with any ecclesiastical agency or authority of any denomination".

Several days of testimony followed and at or about the end thereof the unfortunate death occurred. Defendants then moved to dismiss the action and dissolve the injunction maintaining that the action abated by the death of plaintiff. A motion then followed to substitute the Most Rev. Constantine Bohachevsky, bishop of the Greek Catholic Church in union with Rome as plaintiff. Some factual issues arise in these pleadings but it is admitted in the briefs that they are immaterial to the disposition of the important question which is a legal one.

Did or did not the action abate upon the death of plaintiff? We think not. If the cause of action survives and that is our thought then the action did not perish.

At common law the death of sole plaintiff or a sole defendant at any time before final judgment abated the suit: Book 3, Blackstone's Commentaries, ch. 24. The action, as distinguished from the cause of action, absolutely perished: 2 Standard Pa. Practice 29, §20; and 1 C. J. S. 165 et seq. However, in most jurisdictions this situation has been remedied by statute, so that if a cause of action survives the death of sole plaintiff or sole defendant, the action may be revived: 1 Am. Jur. 105, sec. 159, 177, and Spring v. Webb et al., 227 Fed. 481.

The decisive question is clearly, therefore, did the cause of action survive. We think it did.

The sole basic issue raised in the pleadings and throughout the testimony was whether or not this congregation was in union with Rome. If it is then it is bound by its canon law. If not, the contrary is true. Personalities are of no moment. As an individual Father Ortynsky meant little to this suit. His right to maintain it and seek relief depended completely upon his status as a representative of the Roman church.

It was the interference with the alleged rights of this church, that gave rise to the cause of action. The fact that the acts of interference were directed at an individual who represented that church does not render this a personal action. The death did not erase or ease the evil complained of.

Therefore, June 30, 1948, the motion to dismiss and dissolve is overruled and the rule to show cause discharged. Substitution of the Most Rev. Constantine Bohachevsky, bishop of the Greek Catholic Church, as party plaintiff is permitted. July 6, 1948, at 9:30 a.m. is fixed as the time for taking additional testimony.